Jose Raul **SALGADO**, etc., Plaintiffs,

v.

**EMPLOYERS INSURANCE OF WAUSAU**, Defendant.

Civ. No. 898–70.

United States District Court,
D. Puerto Rico.

May 18, 1971.

Jose H. Pico & Pedro J. Varela, Hato Rey, P. R., for defendant.

Ernesto Maldonado Perez, San Juan, P. R., for plaintiffs.

## MEMORANDUM and ORDER

FERNANDEZ-BADILLO, District Judge.

On March 2, 1971 this Court ordered the dismissal of the complaint[1] upon finding that "no jurisdiction exists to entertain this complaint since section 863 of 48 U.S.C. was repealed on June 2, 1970 by Public Law 91–272 (84 Stat. 294) and defendant's insured is a resident of Puerto Rico, not applying, therefore, 28 U.S.C. § 1332." Plaintiffs moved immediately to set aside this order and requested a new hearing on the matter.[2] A hearing was held on March 11, 1971 in which the Court set aside its prior ruling and granted plaintiff 15 days within which to file a memorandum and defendant had 15 days thereafter to reply. It is plaintiff's contention that the 1964 amendment to the jurisdictional statute, 28 U.S.C. § 1332,[3] does not bar a direct action against the insurer in a situation where the insured cannot be made a party defendant because the statute of limitations has run but the same has been interrupted with respect to the insurer. They argue that since the insured[4] cannot be joined in the action, consequently, the insurer cannot "be deemed a citizen of the State of which the insured is a citizen."

The Court cannot accept plaintiff's argument. The wording of the statute and its legislative history indicate that the bill was passed to place a further restriction on the grant of diversity jurisdiction. Its purpose was "to amend section 1332(c) of title 28, United States Code, so as to eliminate under the diversity jurisdiction of the U. S. district courts, suits on certain tort claims in which both parties are local residents, but which, under a State " 'direct action' statute, may be brought against a foreign insurance carrier without joining the local tort-feasor as a defendant," 1964 U.S.Cong. and Adm.News p. 2778.

The case of Lumbermen's Casualty Co. v. Elbert (1954) 348 U.S. 48, 75 S.Ct. 151, 99 L.Ed. 59 is inapplicable to the facts before us. There the Court in disregarding the tort-feasor's citizenship in a direct action against the insurer upheld federal jurisdiction under section 1332(a) of title 28 U.S.C.[5]. This section was later revised in 1956, 1958 and 1964. The 1964 amendatory act incorporated the proviso to 28 U.S.C. § 1332(c) which is the subject of this controversy. Clearly, the *Elbert* principles responded to prior statutory language which has been changed.

It is of no consequence whatsoever that the insured cannot be joined because the statute of limitations bars an action against him. What is important as far as the 1964 proviso is involved is that the insured has not been joined as a party-defendant, for whatever reason, in the direct action. Otherwise, the restrictive provision contained in the 1964 amendment could easily be overcome by merely letting the statute of limitations

1. Said order followed a motion to dismiss for lack of jurisdiction dated January 26, 1971 which was heard on February 11, 1971 and granted in open court. The written order was filed and entered on March 2, 1971.

2. See: Plaintiff's Motion under Rule 60 (b), F.R.Civ.P.

3. The 1964 amendment added the proviso that "in any direct action against the insurer of a policy or contract of liability insurance, whether incorporated or unincorporated, to which action the insured is not joined as a party-defendant, such insurer shall be deemed a citizen of the State of which the insured is a citizen, as well as of any State by which the insurer has been incorporated and of the State where it has its principal place of business."

4. There is no dispute on the fact that the insured is a citizen of Commonwealth of Puerto Rico.

5. "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $3,000 exclusive of interest and costs, and is between—

(1) Citizens of different States * * * *"

run against the local tort-feasor. To justify jurisdiction in the present circumstances would be to thwart the clear purpose of the congressional action in passing the bill amending subsection (c) of section 1332 of title 28, United States Code, which was intended to check the rising caseload in federal courts in those states that have direct action statutes.

In view of the foregoing, the Motion is granted and the complaint is hereby dismissed.